UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10cv425-3-W
(3:05cr104)

| | |
|---|---|
| KELVIN BEAUFORT, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATED OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court upon the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §2255 (Doc. No. 1); the Government's Answer and Motion to Dismiss[1] (Doc. Nos. 4 and 5); and Petitioner's response (Doc. No. 8). For the reasons stated below, Petitioner's Motion to Vacate will be denied and dismissed and the Government's Motion to Dismiss will be granted.

I.  PROCEDURAL HISTORY

On April 25, 2005, Petitioner was one of twenty-five individuals named in a six-count Bill of Indictment. (Case 3:05cr104, Doc. No. 10). Count One charged Petitioner with conspiracy to possess with intent to distribute five kilograms or more of cocaine and 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). (Id., Doc. No. 10). On November 2, 2006, after a jury trial, Petitioner was convicted on Count One of the Indictment. (Id, Doc. No.380). On

---

[1] When a motion to dismiss is filed simultaneously with an answer, the motion should be construed as one for a judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. Walker v. Kelly, 589 F.3d 125, 139 (4th Cir. 2009). A motion for a judgment on the pleadings is decided using the same standard as a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). Id. at 139.

1

December 12, 2007, this Court sentenced Petitioner to 324 months imprisonment with twenty years of supervised release. (Id., Doc. No. 565). Judgment was entered on January 2, 2008. (Id., Doc. No. 528).

Petitioner appealed his sentence and conviction to the United states Court of Appeals for the Fourth Circuit. On June 12, 2009, the Fourth Circuit affirmed Petitioner's sentence and conviction. United States v. Beaufort, 334 F. App'x 584 (4th Cir. 2009). Petitioner filed the instant Motion to Vacate alleging ineffective assistance of counsel and judicial and prosecutorial misconduct. (Doc. No. 1 at 2-4).

II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . . " in order to determine whether a petitioner is entitled to any relief. If the motion is not dismissed after that initial review, the court must direct the Government to respond. Id. The court must then review the Government's answer and any materials submitted by the parties and determine whether an evidentiary hearing is warranted pursuant to Rule 8(a). A district court may dismiss a petitioner's claim without an evidentiary hearing when the pleadings and additional materials submitted by the parties conclusively show that a petitioner is not entitled to relief on any of his claims. Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970). Following such review, the Court finds that the pleadings conclusively show that Petitioner is not entitled to relief on any of his claims; thus, a hearing is not required.

III. LEGAL DISCUSSION

    A. Procedural Default

Petitioner contends this Court erred by: "(1) presiding over case knowingly in excess of

jurisdiction[2] (2) after knowingly admitting evidence to the record as same to be statements made out of court and not under oath[3] (4) (sic) failing to inquire into the matter of the credibility of the witness statements prior to allowing these witnesses to testify in a federal prosecution against a defendant who had no previous and or serious criminal history."[4] (Doc. No 1 at 5). Petitioner also contends that the Government's case against Petitioner went forward on less than probable cause.[5] Specifically, Petitioner argues that "[t]he Government's entire case against Petitioner was forward on less than probable cause by the use of statements made out of court not under oath as the proximate result of the conduct of the Government's Attorney who went above and beyond its administrative duties and judicial functions which falls into a scope of conduct criminally and civilly questionable, which is commercially damaging to the Petitioner each additional day he is forced to suffer unlawful custody and wrongful conviction." (Doc. No. 1 at 4).

The only issue Petitioner specifically raised on appeal was a challenge to his sentence for

---

[2] Petitioner was charged with conspiracy to possess with intent to distribute cocaine and cocaine base pursuant to 21 U.S.C. §§ 841(a)(1) and 846. United States district courts have jurisdiction over all offenses which are violations of federal law. See 18 U.S.C. § 3231. Therefore, this Court had jurisdiction over the charged in the Bill of Indictment against Petitioner.

[3] The Court addresses this claim in the ineffective assistance of counsel section of this Order.

[4] The Court notes that in a jury trial, the credibility of witnesses is in the purview of the jury. As the trier of fact, the jury assesses the credibility of the witnesses and resolves any conflicts in the evidence presented. See United States v. Lentz, 383 F.3d 191, 199 (4th Cir. 2004).

[5] Petitioner offers no facts in support of his claim and has not established improper conduct by the prosecutor or prejudice. United States v. Golding, 168 F.3d 700, 702 (4th Cir. 1999).

3

being a leader/supervisor in his conspiracy for drug conspiracy.[6] Petitioner did not raise any claim regarding judicial or prosecutorial misconduct. Claims that could have been raised on appeal, but were not may not be asserted in collateral proceedings. "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621 (1998). In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, a petitioner must show cause and actual prejudice resulting from the errors complained of or that he is actually innocent.[7] See United States v. Mikalajunas, 186 F.3d 490, 492, 93 (4th Cir. 1999) (citing United States v. Frady, 456 U.S. 152, 167-68 (1982)).

Petitioner offers no explanation as to why his procedurally defaulted claims were not previously presented, therefore he has not met his burden in establishing cause for failing to raise these claims on direct appeal. Petitioner has defaulted these claims barring collateral review.

B. Ineffective Assistance of Counsel

Petitioner contends that his counsel was ineffective for failing to mount a constitutional challenge to the violation of his Fourth Amendment right to a fair trial. Specifically, Petitioner alleges that "[his] trial and sentencing counsel provided constitutionally deficient performance by the failure to mount a constitutional challenge to the violations of [his] Fourth Amendment rights to a fair trial, one in which the jury must find 'beyond a reasonable doubt' each and every fact

---

[6] Petitioner's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967) in which he asserted that there were no meritorious issues for appeal but questioned whether this Court erred in its application of U.S. Sentencing Guidelines Manuel (USSG) § 3B1.1(c). Petitioner was notified of his right to file a pro se supplemental brief, but he did not do so. United States v. Beaufort, 334 F. App's 584 (4th Cir. 2009).

[7] Petitioner does not make a claim of actual innocence.

4

element that are inextricably intertwined with the offense being considered. However, in applying the United States Sentencing Guidelines [USSG] the district court determined that petitioner's co-defendants-of court (sic) were admissible evidence to be used against petitioner and 'did unlawfully' admit the out of court statements to record as evidence against Petitioner. In the same instance, counsel failed to object to the court the use of such statements as evidence against petitioner, and by doing so, counsel did defectively perform and caused damage to the defense." (Doc. No. 1 at 5-6). To establish a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced

by such constitutionally deficient representation. Strickland v. Washington, 466 U.S. 687-91 (1984). In measuring counsel's performance, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney General of State of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992).

The petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297 (citing Hutuchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983)). To establish Strickland prejudice, a petitioner must demonstrate not only "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," but also that "the result of the proceeding was fundamentally unfair or unreliable." Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). In challenging his sentence, a petitioner must show, at a minimum, a "reasonable probability that his sentence would have been more lenient" but for counsel's errors. Royal v. Taylor, 188 F.3d 239, 248-49 (4th Cir. 1999) (internal quotations omitted). If a petitioner fails to demonstrate prejudice, a "reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297 (citing Strickland, 466 U.S. at

697).

Petitioner contends that his attorney was ineffective for failing to "mount a constitutional challenge to the violation of [P]etitioner's Fourth Amendment rights to a fair trial." (Doc. No. 1 at 5). Petitioner argues that his counsel failed to object to the admission of out-of-court statements admitted into evidence against him. Petitioner argues that the out-of-court statements made by Michael McCall[8] constituted hearsay pursuant to Federal Rule of Evidence 801(d)(2)(A). During McCall's testimony, the Government introduced numerous intercepted and taped telephone conversations between McCall and Petitioner during which they discussed the sale and distribution of cocaine. (Criminal Case 3:05cr104, Trial transcript Vol. IV at 897-973 and Vol. V at 980 and 1024). These statements were parts of conversations between co-conspirators made during the course of and in furtherance of the conspiracy. Accordingly, these statements were not hearsay and were properly admitted pursuant to Federal Rule of Evidence 801(d)(2)(E). See Fed. R. Evid. 801(d)(2)(E) (excluding from the definition of "hearsay" any statement offered against a party that is "a statement by a coconspirator of a party during the course and I furtherance of the conspiracy"). Therefore the out-of-court statements about which Petitioner complains were properly admitted as non-hearsay statements by a co-conspirator made during the course of the conspiracy. Petitioner has not established either prong of the Strickland test and his claim fails.

IV.  CONCLUSION

The Court has considered the pleadings and documents submitted by the parties and the entire record of this matter and finds that it is clear that Petitioner is not entitled to relief on any of his claims.

---

[8] Michael McCall was a co-defendant and a cooperating witness who testified during Petitioner's trial.

**IT IS, THEREFORE ORDERED** that:

1. The Government's Motion to Dismiss (Doc. No. 5) is **GRANTED**;

2. The Petitioner's Motion to Vacate, Set Aside, or Correct Sentence(Doc. No. 1) is **DENIED** and **DISMISSED**.

3. Petitioner's Application to Proceed Without Prepayment of Fees is Dismissed as Moot. (Doc. No. 1-3).

4. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2);Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, petitioner must establish both that dispositive procedural ruling is debatable, and that petition states a debatable claim of the denial of a constitutional right).

Signed: March 1, 2011

Frank D. Whitney
United States District Judge